IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gene Ray McKinney, #C-113872 52-113, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Berkeley County Sheriff's Department and ) <br> John Damone, Detective, ) <br> ) <br> Defendants. ) <br> _____) | C/A No. 0:08-01638-HMH-PJG <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion to dismiss on the ground that this action is barred by the statute of limitations. The plaintiff, Gene Ray McKinney ("McKinney"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his civil rights and improperly converted his personal property.

## FACTUAL BACKGROUND

The following facts appear to be undisputed. McKinney was arrested on August 31, 2004, and ultimately pleaded guilty to "autobreaking" in violation of S.C. Code Ann. § 16-13-160. He was continuously incarcerated between August 31, 2004 and April 1, 2006.[1] McKinney alleges that Defendant John Damone ("Damone") took possession of the plaintiff's truck and tools, sold the tools to a pawn shop, and traded the plaintiff's truck for a motorcycle. McKinney specifically claims that "[t]he last action with Detective Damone occurred on September 10, 2004." (Docket Entry 18 at 1.)

---

[1] Although McKinney's assertions as to his dates of incarceration vary throughout his filings with the court, the court accepts as true, for purposes of this motion, the dates most favorable to McKinney.



McKinney was released from custody on April 1, 2006, and signed and notarized the complaint in this matter on February 15, 2008.[2]

## DISCUSSION

McKinney's claims are time-barred. The South Carolina Tort Claims Act provides a two-year statute of limitations.[3] S.C. Code Ann. § 15-78-110. According to McKinney, the last action giving rise to his claims took place on or around September 10, 2004, well over two years before he filed the complaint in this matter.

McKinney's claims under 42 U.S.C. § 1983 are also untimely. State statutes of limitation regarding personal injury claims apply to § 1983 actions, as no federal statute of limitations for such claims exists. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). Thus, S.C. Code Ann. § 15-3-535's three-year limitations period applies. McKinney filed his claims no earlier than February 15, 2008, more than three years after September 10, 2004, the date he asserts that his cause of action accrued. Accordingly, his § 1983 claim is time barred.

Nor was the limitations period tolled during McKinney's incarceration. McKinney relies upon the case of Wright v. Oliver, 99 F.3d 1133 (4th Cir. 1996) (unpublished) (*per curiam*),

---

[2] McKinney's complaint was signed and notarized on February 15, 2008, received by the Clerk of Court for the District of Columbia on February 21, 2008, and served upon the defendants on May 7, 2008. Pursuant to Houston v. Lack, 487 U.S. 266 (1988), and Rule 3 of the Federal Rules of Civil Procedure, the earliest McKinney's filing date could be is February 15, 2008.

[3] The limitations period under the South Carolina Tort Claims Act can be extended to three years when the claimant files a verified claim for damages in accordance with the provisions of S.C. Code Ann. § 15-78-80. However, the record reveals no evidence that McKinney filed a verified claim meeting the statutory requirements necessary to extend the statute of limitations to three years. See Flateau v. Harrelson, 584 S.E.2d 413 (S.C. Ct. App. 2003) (affirming the dismissal of a complaint alleging a violation of the Tort Claims Act where there was no evidence that the plaintiff filed a verified claim). Moreover, even if he had taken the steps necessary to extend the limitations period to three years, his claim would still be untimely.

Page 2 of 4



claiming that because he was continuously incarcerated from August 31, 2004 to April 1, 2006, the statute of limitations was tolled.  However, while Wright held that a person who is imprisoned at the time a cause of action accrues is entitled to have the statute of limitations tolled, the state statute upon which the Wright Court relied was repealed by the South Carolina General Assembly in 1996. 1996 S.C. Acts No. 234 (amending S.C. Code Ann. § 15-3-40 to delete the tolling provision for imprisoned persons).  Therefore, South Carolina law, which applies to the issue of timeliness in this matter, did not at the time McKinney asserts his claims arose provide for statutory tolling of a limitations period based on imprisonment.  See S.C. Code Ann. § 15-3-40 (2005) (last amended 1996).  Accordingly, the Wright case does not avail McKinney.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion to dismiss (Docket Entry 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 12, 2008
Columbia, South Carolina

*The parties' attention is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).